# In the
# United States Court of Appeals
## For the Tenth Circuit

———————

CAROL W. GARRETT; TERRY LEE GARRETT,

*Plaintiffs-Appellants*,

v.

WELLS FARGO BANK, N.A.,

*Defendant-Appellee*.

———————

On Appeal from the United States District Court
for the District of Wyoming
No. 1:24-cv-00007-SWS
Honorable Scott W. Skavdahl, District Judge

———————

**BRIEF OF APPELLEE WELLS FARGO BANK, N.A.**

———————

Matthew A. Fitzgerald
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
mfitzgerald@mcguirewoods.com

**ORAL ARGUMENT IS NOT REQUESTED**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................. ii

STATEMENT OF PRIOR OR RELATED APPEALS ................................. iv

JURISDICTIONAL STATEMENT ...................................................... 1

STATEMENT OF THE CASE .......................................................... 1

STANDARD OF REVIEW .............................................................. 3

SUMMARY OF ARGUMENT ........................................................... 3

ARGUMENT ............................................................................. 5

I.    Prudential standing is absent for Count II .............................. 5

II.   Alternatively, Count II fails to plausibly plead a violation of W.S. § 34-
      4-103 ............................................................................. 10

III.  Count III, for breach of the implied covenant of good faith and fair
      dealing, was properly dismissed. ......................................... 15

CONCLUSION ......................................................................... 16

ORAL ARGUMENT STATEMENT .................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Albers v. Bd. of Cnty. Comm'rs,*
  771 F.3d 697 (10th Cir. 2014)..................................................................... 3

*Brimmer v. Thomson,*
  521 P.2d 574 (Wyo. 1974)............................................................................ 7

*Brooks v. Mentor Worldwide LLC,*
  985 F.3d 1272 (10th Cir. 2021) ................................................................ 13

*Hill v. Warsewa,*
  947 F.3d 1305 (10th Cir. 2020) ............................................................. 5, 7

*Matter of Adoption of L-MHB,*
  431 P.3d 560 (Wyo. 2018)............................................................................ 7

*N. Mill St., LLC v. City of Aspen,*
  6 F.4th 1216 (10th Cir. 2021) ...................................................................... 6

*Silverton Snowmobile Club v. U.S. Forest Serv.,*
  433 F.3d 772 (10th Cir. 2006)................................................................... 15

*Singleton v. Wulff,*
  428 U.S. 106 (1976)....................................................................................... 9

*Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.,*
  569 F.3d 1244 (10th Cir. 2009) ................................................................ 15

*Tate v. Wyoming Livestock Board*
  932 P.2d 746 (Wyo. 1997)..................................................................... 13, 14

*The Wilderness Soc'y v. Kane Cnty., Utah,*
  632 F.3d 1162 (10th Cir. 2011) ............................................................. 5, 6

*Ulery-Williams, Inc. v. First Wyoming Bank, N.A. Laramie*,
748 P.2d 740 (Wyo. 1988) ........................................................................ 14

*United States v. Arellano-Sandoval*,
506 F. App'x 827 (10th Cir. 2013) ........................................................ 16

*VR Acquisitions, LLC v. Wasatch Cnty.*,
853 F.3d 1142 (10th Cir. 2017) .............................................................. 6

*Walker v. McAnnany*,
802 P.2d 876 (Wyo. 1990) ..............................................................8, 12, 13

*William F. W. Ranch v. Tyrrell*,
206 P.3d 722 (Wyo. 2009) ...................................................................... 7

**Statutes**

28 U.S.C. § 1291 ........................................................................................ 1

28 U.S.C. § 1332 ........................................................................................ 1

W.S. § 1-21-1002 ...................................................................................... 9

W.S. § 34-4-103 ............................................................ 2, 3, 4, 5, 8, 10, 11, 14

**Other Authorities**

10th Cir. R. 28.2(c)(6) ............................................................................ 1

# STATEMENT OF PRIOR OR RELATED APPEALS

There are no prior or related appeals.

# JURISDICTIONAL STATEMENT

The district court's subject matter jurisdiction was based on diversity under 28 U.S.C. § 1332. The plaintiffs, Terry and Carol Garrett, are citizens of Florida. App.16. Wells Fargo Bank, N.A., is a Delaware corporation with a principal place of business in South Dakota.[1] App.9. Plaintiffs alleged a loss of more than $2 million, satisfying the amount-in-controversy requirement. App.20.

The district court granted Wells Fargo's motion to dismiss on February 7, 2024. App.270-81.[2] The court then entered judgment for Wells Fargo and ordered the case closed. App.5 (docket sheet). The Garretts timely noticed this appeal. This Court has appellate jurisdiction under 28 U.S.C. § 1291.

# STATEMENT OF THE CASE

Plaintiffs Terry and Carol Garrett live in Florida and owned a house in Jackson, Teton County, Wyoming. App.16. The Garretts had a mortgage on their Wyoming house with Wells Fargo. App.17. They allege that a tenant lived in the

---

[1] No party here is an LLC. *See* 10th Cir. R. 28.2(c)(6).

[2] This brief cites the opinion below as "Op." because the pagination in Appellant's Appendix repeats itself. *See* App.270-81 (two different pages numbered 276, 277, and 278). Otherwise, it cites Appellant's Appendix as "App." The Brief of Appellant is cited as "Br."

house.  Op. 2.

In 2022, Wells Fargo ("the Bank") began nonjudicial foreclosure proceedings.

Op. 3.  In December 2022, the Bank sent certified mail notice of the foreclosure to

the Garretts' residence in Florida and to the "Current Occupants" at the property

address in Jackson.  App.35-36.  The Bank also published notice of the foreclosure

sale in a newspaper of general circulation in Teton County. *Id*.  The property was

sold in March 2023.  The Garretts did not appear during the redemption period, and

the sheriff's deed was issued to the auction winners in July 2023.  Op. 3.

The Garretts then sued the Bank.  As relevant here, they contended that the

Bank had failed to follow Wyoming law, W.S. § 34-4-103(a)(iv), by failing to

properly serve their tenant with notice of the foreclosure (Count II).  They also

alleged a breach of the implied duty of good faith and fair dealing (Count III).[3]

After removing the case to federal court, the Bank moved to dismiss the

complaint under Rule 12(b)(6).  App.203.  The Bank contended, as relevant here,

that Count II should be dismissed because it failed to state a plausible claim for any

---

[3] On appeal, the Garretts abandon Count I.  They no longer press their claim, rejected
by the district court, that the Bank failed to properly record an assignment of the
mortgage.  *See* Op. 4-8.

violation of W.S. § 34-4-103. App.210-13. The Bank also argued that the Garretts lacked third-party prudential standing to bring a claim on behalf of their tenant, who had never complained about the mailing, and because the Garretts were not disputing that the Bank's certified mailing directed to them in Florida had been lawfully sent. *Id.* The Bank lastly contended that the Garretts had failed to plausibly plead a breach of the implied covenant of good faith and fair dealing. App.213-14.

The district court granted the Bank's motion, dismissed the case, and ordered it closed. Op. 12.

## STANDARD OF REVIEW

The issues presented in this appeal are reviewed de novo. *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014) ("We review de novo the district court's granting of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).").

## SUMMARY OF ARGUMENT

Count II, alleging violation of W.S. § 34-4-103 based on a claimed failure to provide notice to the tenant, was properly dismissed, and can be affirmed on either of two independent grounds.

First, the district court aptly concluded, as a matter of third-party prudential standing, that the Garretts should not be permitted to complain about a notice violation alleged against their tenant when it is undisputed that the Bank provided lawful statutory notice to the Garretts themselves.  Op. 9.

Second, alternatively, this Court can affirm because the Garretts also failed to plausibly plead a violation of W.S. § 34-4-103(a)(iv) against their tenant or anyone else.  The Bank met every element of the statute, which simply requires certified mail sent timely to the last known address.  The Garretts' own exhibits reflect proof, by affidavit, that the Bank prepared and mailed, by certified mail, notice to the "Current Occupants," and sent it to the property's correct address in Jackson.  The Garretts allege that their tenant did not *receive* the notice because the U.S. Postal Service does not provide home delivery of mail in that part of Jackson.  Even so, the Bank complied with Wyoming law by mailing the notice.

Last, the Garretts' claim for breach of the implied duty of good faith and fair dealing was also correctly dismissed.  On appeal, the Garretts fail to challenge one of the reasons that the district court dismissed this claim.  Accordingly, this Court need not address it at all.

# ARGUMENT

## I.  Prudential standing is absent for Count II.

Prudential standing includes a "general prohibition on a litigant's raising another person's legal rights." *The Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011).  The doctrine holds that "a party may not rest its claims on the rights of third parties where it cannot assert a valid right to relief of its own." *Hill v. Warsewa*, 947 F.3d 1305, 1309-10 (10th Cir. 2020).

The prudential standing problem here is that the Garretts sued the Bank alleging a failure of statutory notice under W.S. § 34-4-103(a)(iv) as to their tenant.  But the tenant has never raised any complaint.  Although the Garretts alleged that they were unaware of the foreclosure proceeding, they have never claimed that the Bank failed to satisfy W.S. § 34-4-103(a)(iv) *as to them*.  In fact, the records filed with the Garretts' own complaint show that the Bank did comply with the statute by sending certified mail to the Garretts' undisputed street address in Florida.  The Garretts thus tried to "rais[e] another person's legal rights," and to "rest [their] claims on the rights of third parties." *The Wilderness Soc'y*, 632 F.3d at 1168; *Hill*, 947 F.3d at 1310.

The district court correctly dismissed the Garretts' claim.  Op. 9 n.5 (relying

5

on the Garretts' "lack of standing to assert a claim for lack of notice on their tenant's behalf"). The court added that the Garretts "provide no authority or basis for allowing them to assert a cause of action belonging to their tenant." Op. 9. The court concluded that, setting aside "conclusory statements," it was "the tenant who suffered any harm" from this alleged failure of notice. Op. 9.

In its analysis, the district court used some phrases borrowed from Article III standing analyses. Op. 8-9. Yet the Bank has never contended that the Garretts lack Article III standing. *See* App.205-15. And the court did not rule that it lacked subject-matter jurisdiction, Op. 9, as the parties agree. *See* Br. 15-16. This issue is properly viewed as prudential standing, which is not jurisdictional. *Wilderness Soc'y*, 632 F.3d at 1168 n.1 ("prudential standing is not a jurisdictional limitation"). *See also VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 (10th Cir. 2017) (holding that a district court's decision was based on prudential standing "despite . . . explicit reference to Article III standing"); *N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1229-30 (10th Cir. 2021) (adjusting a subject matter jurisdiction ruling to a prudential one).

The Garretts satisfy the basics of Article III standing. But prudential standing

"imposes different demands than injury in fact." *Hill*, 947 F.3d at 1310. That is, "injury to a party's interest for the purposes of constitutional standing does not automatically confer prudential standing." *Id.* at 1310.

To support their claim for prudential standing, the Garretts borrow inapt rules from Wyoming state law. Br. 13-16. They first cite the *Brimmer* test. *Brimmer v. Thomson*, 521 P.2d 574, 578 (Wyo. 1974). But *Brimmer*—a test originally devised for when a Wyoming state court should choose to exercise declaratory judgment jurisdiction—has nothing to do with third-party prudential standing. *See William F. W. Ranch v. Tyrrell*, 206 P.3d 722, 727 (Wyo. 2009) (describing *Brimmer* as "we adopted a four-part test for determining whether a party presents a justiciable controversy to maintain a declaratory judgment action in Wyoming"). *Brimmer* offers no rule about whether the Garretts should be able to claim a failure of mailed notice to their tenant when they claim no parallel failure of mailed notice to themselves.

Similarly, the Garretts quote extensively from *Matter of Adoption of L-MHB*, 431 P.3d 560 (Wyo. 2018). But that case addressed the difference between the federal Article III "cases and controversies" limitation and Wyoming law, which has no such

language.  Br. 16.  Again, the issue here is not a matter of Article III, nor is it a question of the judicial power of Wyoming state courts under the state constitution.

The Garretts' argument for prudential standing comes down to asserting that W.S. § 34-4-103(a)(iv), in its entirety, seeks to provide notice to the mortgagor. Thus, they reason, any technical failure to satisfy any part of the statute must be remediable by them.  This argument fails.

The Garretts' primary authority is *Walker v. McAnnany*, 802 P.2d 876 (Wyo. 1990).  But *Walker* undermines their contention.  In *Walker*, notice to the person in possession was undisputed.  *Id.* At 878.  The mortgagee had also tried to send notice of the foreclosure to the record owner, but the owner had moved without providing a new address, so the mailing did not reach him.  Thus, when the court noted that "[a]s we visualize it, the purpose of such notice is to afford [the] mortgagee an opportunity to bring the indebtedness current . . . to avoid foreclosure," 802 P.2d at 879, the court was referring to the mailing requirement *to the record owner*.  Yet the Garretts have never alleged that the Bank failed to satisfy the mailing requirement as to themselves (the record owners).  In short, the owner in *Walker* was asserting his own right to be sent certified mail; not anyone else's.

Next, the Garretts assert that because the tenant would not have an independent right to stop a foreclosure, notice to the tenant again is just about finding the record owner. But they cite no authority for that idea, and there are plenty of reasons to doubt it. Mailing notice to a tenant imaginably could cause the tenant to notify the record owner. But no law requires a tenant to pass on what the tenant receives to the record owner. *See* Br. 23 (noting "no privy of contract between the possessory interest holder and the mortgagee"). Instead, the law requires owners to be sent their *own* mailings, as undisputedly happened here.

Further, as the Garretts concede, a tenant can ultimately be evicted based on a foreclosure. Br. 22-23 (citing W.S. § 1-21-1002). Thus, it makes sense that Wyoming law would provide for advance notice of a foreclosure to be mailed to the tenant for his own sake. Any tenant paying rent or living on the premises would want to know when the property is on the verge of foreclosure and new ownership. That Wyoming law would want a tenant to be sent notice of the foreclosure, and not to first learn of it when served with a notice to quit and suit for eviction, makes good sense and is not "superfluous." *Contra* Br. 23. Here, the tenant has never objected to the Bank's effort to reach him. *See Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976)

(noting that one basis for limits on third-party prudential standing is to avoid addressing issues that the absent third party may "not wish to assert").

## II. Alternatively, Count II fails to plausibly plead a violation of W.S. § 34-4-103.

The dismissal of Count II can be affirmed for a second, independent reason: it fails to state a plausible claim that the Bank violated W.S. § 34-4-103(a)(iv). *See* Br. 17-19. The Wyoming statute requires:

> (iv) That written notice of intent to foreclose the mortgage by advertisement and sale has been served upon the record owner, and the person in possession of the mortgaged premises if different than the record owner, by certified mail with return receipt, mailed to the last known address of the record owner and the person in possession at least ten (10) days before commencement of publication of notice of sale. Proof of compliance with this subsection shall be by affidavit.

W.S. § 34-4-103(a)(iv).

The Garretts allege that their tenant ("the person in possession") never *received* his certified mail. App.21-22. They thus allege that the Bank "failed to strictly comply with the statutory requirements [at] W.S. § 34-4-103[a](iv)." Br. 9. But that does not follow.

The statute explains in detail *how* written notice of the foreclosure is to be "served" on the "person in possession." W.S. § 34-4-103(a)(iv). It requires that the

notice of intent to foreclose: (1) be sent by certified mail; (2) "mailed to the last known address of the . . . person in possession"; (3) at least 10 days before the publication of notice of sale; and (4) an affidavit is needed to prove compliance. W.S. § 34-4-103(a)(iv). The Bank did every one of these things, and the Garretts' complaint does not allege otherwise. Exhibit 2 to the Garretts' complaint shows it in detail. App.35-36.

First, the notice was sent by "certified mail, return receipt requested." App.35 (affidavit); App.21-22 (acknowledging tracking information for two certified mailings to the "Current Occupants"). Second, the notice was mailed to the "last known address" of the "person in possession." It was mailed to the property address itself, 1045 Upper Cache Creek Drive, Jackson, WY, and addressed to "Current Occupants." App.36. Nothing in the complaint suggests that the lender Bank had, or could have had, any other address for the "person in possession" other than the property address itself. (Indeed, from the affidavit it does not appear that the Bank even knew the tenant's name; after all, the Bank presumably dealt with the record owners, not whoever they chose to rent to). Third, the complaint does not allege that the notice was mailed untimely. App.21-22. And fourth, an affidavit by a lawyer

for the Bank showing compliance was attached to the complaint.  App.35-36.

The Garretts' sole complaint is that the certified mailings did not *reach* their tenant.  They allege that the U.S. Postal Service does not deliver mail to 1045 Upper Cache Creek Drive.  App.21.  Thus, they allege the certified mailings were lost in the mail or returned to sender.  App.22.  Taking their allegations as true at this stage, the mismatch between, on one hand, what the Wyoming statute requires, and on the other hand, the service the U.S. Postal Service actually provides in Wyoming, is unfortunate.  But it does not mean the Bank violated the statute.

Indeed, the Wyoming Supreme Court has been clear that mailings that are not received still satisfy laws that simply require mailing.

In *Walker*, a certified mailing failed to reach the owner because he had moved and never updated his address with the lender.  802 P.2d at 878.  The court refused to "require appellee to make an extensive search for a new address when the certified letter was returned," adding that "it was not up to appellee to conduct an elaborate or even any lesser search for [the owner's] whereabouts."  *Id.* at 879-80.  The court called such a search "an unnecessary burden to place on the [lender]."  *Id.* at 879. *Walker* makes clear that receipt of the certified mailing is not an element of the

Wyoming statute.

The court also added in *Walker* that someone else had incidentally notified the owner of the impending foreclosure. *Id.* at 879 (citing a note sent from the owner's business partner to the owner). If it matters, the parallel here is that the Garretts do not allege the Bank's certified mailing directed to themselves, in Florida, was not sent, or even that it did not arrive. The Bank's undisputed satisfaction of the statute as to the Garretts shows that, in the eyes of the law, they *were* notified of the foreclosure. In the face of this, the courts need not credit the Garretts' "naked assertion" that they did not know of the foreclosure. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (discussing the plausibility standard at the Rule 12(b)(6) stage).

Other cases carry a similar message. For instance, in *Tate v. Wyoming Livestock Board*, a mailing required by statute did not actually reach the intended recipient. 932 P.2d 746 (Wyo. 1997). The court held that the mailing had been sent to the last known address, just as the statute required. *Id.* at 749. That the recipient had moved and never got the mailing was no due process problem. *Id.* at 750 ("The fact that she did not receive the notice which was sent to her last known address does

not make the statute unconstitutional"). Nor did it undermine the proceedings (which in that case declared that the recipient's livestock brand had been abandoned). *Id.*

Last, the Wyoming Supreme Court has ruled it was *not* adequate under W.S. § 34-4-103 to send notice to any address other than the "last known address." In *Ulery-Williams, Inc. v. First Wyoming Bank, N.A. Laramie*, 748 P.2d 740 (Wyo. 1988), the party entitled to be sent certified mail was a corporation. The bank sent the notice to the corporation's officers individually, at their home address, which was different from the corporation's recorded last known address. The court found the mailing insufficient. In other words, even when there was arguably a *better* way to reach the relevant party, the court still required the mailing to be sent to the "last known address" for the party itself.

The message from these cases is that Wyoming law requires certified-mailing statutes to be followed in detail. But once the law is specifically followed, the mailing party need not go beyond the statute to locate and physically serve the intended recipient. In this case, the Bank timely sent certified mail, addressed to the "Current Occupants," to the correct address on which it intended to foreclose, and proved that

with an affidavit under the statute.  Allegations that the intended recipient did not

receive that mail, for whatever reason, do not show any violation by the Bank.

## III.    Count III, for breach of the implied covenant of good faith and fair dealing, was properly dismissed.

The district court dismissed Count III on two independent grounds: first,

because it was "dependent on the two other futile claims," Op. 10; and second,

because it was inadequately pleaded anyway.  Op. 10 ("Additionally, the Garretts'

complaint does not otherwise demonstrate how the implied obligations underlying

this alleged breach arise from the language used in the mortgage or how the statutory

obligations are indispensable to effectuating the parties' intent.").  *See also* Op. 10-

11 (ruling that Count III failed "whether based solely on Counts I and II . . . or

independent of those claims").

On appeal, the Garretts solely contend that Count III should survive if Count

II does.  Br. 24.  They make no argument that Count III was adequately pleaded, and

so have waived it.  *Silverton Snowmobile Club v. U.S. Forest Serv.*, 433 F.3d 772, 783

(10th Cir. 2006) ("failure to raise an issue in an opening brief waives that issue").

Thus, the Garretts do not challenge an independent basis for the dismissal of Count

III.  *Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir.

2009) ("When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling."); *United States v. Arellano-Sandoval*, 506 F. App'x 827, 832 (10th Cir. 2013) (collecting cases). For that reason, the dismissal of Count III should be affirmed regardless of Count II.

Alternatively, the Garretts confirm that Count III depends on Count II. Br. 24. Thus, because dismissal of Count II should be affirmed, so should Count III.

## CONCLUSION

For these reasons, this Court should affirm.

## ORAL ARGUMENT STATEMENT

Wells Fargo does not request oral argument.

Dated: June 11, 2024                Respectfully submitted,

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
F: (804) 698-2251
mfitzgerald@mcguirewoods.com

*Counsel for Defendant-Appellee*
*Wells Fargo Bank, N.A.*

# CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,335 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(B).

2.     This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Minion Pro style.

Dated: June 11, 2024
        */s/ Matthew A. Fitzgerald*
        Matthew A. Fitzgerald

        *Counsel for Defendant-Appellee*
        *Wells Fargo Bank, N.A.*

## CERTIFICATE OF DIGITAL SUBMISSION
## AND PRIVACY REDACTIONS

I hereby certify that under this Court's guidelines on the use of the CM/ECF system:

a) all required privacy redactions have been made per 10th Cir. R. 25.5 and Fed. R. App. P. 25(a)(5);

b) the hard copies to be submitted to the Clerk's Office are exact copies of the ECF filing; and

c) the ECF submission was scanned for viruses using CrowdStrike Windows Sensor, version 7.04.17605.0, and no viruses were detected.

Dated: June 11, 2024                    */s/ Matthew A. Fitzgerald*
                                        Matthew A. Fitzgerald

                                        *Counsel for Defendant-Appellee*
                                        *Wells Fargo Bank, N.A.*

CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2024, I electronically filed the foregoing Brief

with the Clerk of the Court using the CM/ECF system, which will send a notification

of electronic filing to all counsel of record who are registered CM/ECF users.


Dated: June 11, 2024                    */s/ Matthew A. Fitzgerald*
                                        Matthew A. Fitzgerald

                                        *Counsel for Defendant-Appellee*
                                        *Wells Fargo Bank, N.A.*